Brevaed, J.,
dissented. The act is vaguely penned. It subjects the offender to the penalty of fifty dollars for either playing at any of the prohibited games, or betting on the hands of those who shall so play, or for keeping a tavern, or other place to accommodate persons so playing, and actually accommodating them therein. It seems to me, that the offence is not committed by the keeper of a tavern, die. unless he makes a practice to accommodate gamesters, who actually do game in his house, booth, &c. The legislature could not intend, that for a casual game being played in a man’s house, he should forfeit the penalty,
*67 la the present case, the indictment is not expressed in the Ian-guage of the ael, but in words descriptive of a different offence. Permitting and encouraging, does not necessarily imply that those so permitted and encouraged, did actually play at cards, &c. “ In his dwelling house,” may be construed to relate to a distant house, and not where the parties are, when the permission and encouragement is given, as well as to a place where gaming is actually going on; and one may permit and encourage another to play, and that other may decline playing.'
It does not necessarily follow, that because persons were permit, ted and encouraged to play in the defendant’s dwelling house, that they did play therein ; and if they did not play therein, was the of-fence intended to be created by the act as to keepers of taverns, &e. committed, and the penalty forfeited?
In the first place, I think the offence is not expressed with sufficient certainty, consistently with the true meaning of the act; and, secondly, I think although the offence intended by the act may be understood, and gathered by construction from the indictment as worded, yet, inasmuch as the language of the act is departed from, and other words employed, which may imply an offence different from that which was intended to be created by the act, the indictment is defective and insufficient. Therefore, I am of opinion, the judgment ought to be arrested.